IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CALVERT A. WILLIAMSON, | ) CIVIL NO. 14-00001 HG-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) GRANT IN PART AND DENY IN PART |
| vs. | ) DEFENDANTS PARATRANSIT, |
| | ) INCORPORATED AND LINDA DEAVENS' |
| THE STATE OF HAWAII, ET AL., | ) MOTION FOR TERMINATING AND |
| | ) MONETARY SANCTIONS AGAINST |
| Defendants. | ) PLAINTIFF CALVERT A. WILLIAMSON |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART DEFENDANTS PARATRANSIT, INCORPORATED AND LINDA
DEAVENS' MOTION FOR TERMINATING AND MONETARY SANCTIONS
AGAINST PLAINTIFF CALVERT A. WILLIAMSON[1]

Before the Court is Defendants Paratransit, Incorporated and Linda Deavens' Motion for Terminating and Monetary Sanctions Against Plaintiff Calvert A. Williamson, filed on December 1, 2014 ("Motion"). ECF No. 43. Plaintiff did not file an opposition or other response to the Motion. Defendants filed a Reply on December 22, 2014, noting that Plaintiff did not file an opposition. ECF No. 45. After carefully reviewing the Motion, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the district court GRANT Defendants' request for terminating sanctions and DENY Defendants' request for monetary sanctions.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

BACKGROUND

On October 14, 2014, this Court issued an Order Granting in Part and Denying in Part Defendants' Motion for Order Dismissing Action, or in the Alternative, for Orders 1) Compelling Plaintiff to Appear and Testify at a Deposition, for Costs and Fees, and for Sanctions, 2) Compelling Plaintiff to Sign Authorizations for the Release of His Medical Records, and 3) Continuing Deadlines for Defendants to File Expert Witness Disclosures and Dispositive Motions ("October 14 Order"). ECF No. 39. In the October 14 Order, the Court denied Defendants' request for terminating sanctions, granted Defendants' request to compel Plaintiff's continued deposition, and awarded sanctions against Plaintiff in the amount of $200. Id. at 7-8. The Court ordered Plaintiff to appear at his continued deposition and pay the sanctions to Defendants no later than November 14, 2014. Id.

Defendants served Plaintiff with notice of his continued deposition by mail, certified mail, and personal service. See ECF No. 43-4 ¶¶ 6, 7, 8. Additionally, Defendants' counsel left a voicemail message for Plaintiff and emailed him a courtesy copy of the Court's October 14 Order and deposition notice. Id. ¶ 8. Plaintiff did not appear for his continued deposition on November 14, 2014. Id. ¶ 11. Additionally, Plaintiff did not pay the $200 sanction to Defendants. Id. ¶ 12. In the present Motion, Defendants request terminating sanctions

and monetary sanctions against Plaintiff.

## DISCUSSION

**I. Terminating Sanctions**

The Court FINDS and RECOMMENDS that the district court GRANT Defendants' request for terminating sanctions and dismiss this action. Plaintiff's failure to attend his continued deposition and pay the court-ordered discovery sanctions is subject to sanctions under Federal Rule of Civil Procedure 37, including terminating sanctions. See Fed. R. Civ. P. Rule 37(d) and 37(b)(2)(A)(i)-(vi). Although courts generally have wide discretion to impose discovery sanctions, the court's discretion to impose terminating sanctions is more narrow. To warrant terminating sanctions, the party's conduct must have been "'due to willfulness, fault, or bad faith.'" Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (quoting Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997)). Before ordering terminating sanctions, the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [defendant]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. (citations and internal quotation marks omitted) (alteration in original).

Here, Plaintiff violated the Court's October 14 Order

by failing to attend his continued deposition and pay the court-ordered sanctions. Where the party to be sanctioned violated a court order, the first and second factors weigh in favor of terminating sanctions. See Computer Task Group, Inc., 364 F.3d at 1115. The Court cautioned Plaintiff in the October 14 Order that his failure to comply could result in the imposition of terminating sanctions. See ECF No. 39 at 4. Plaintiff's violations of the October 14 Order weigh in favor of issuing terminating sanctions, as his actions have caused unnecessary delay. Indeed, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Moreover, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [plaintiff]." Id. (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)). Accordingly, the first two factors of the public's interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of terminating sanctions.

The Court next considers the prejudice to Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."

Id. (citing Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)). Delay alone is not sufficient prejudice. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) (citing U.S. ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 604 (9th Cir. 1988)). Defendants have been forced to incur considerable expense and time because of Plaintiff's failure to appear for his deposition. The Court finds that because Plaintiff's actions amount to interference with the rightful decision of the case, Defendants have established prejudice. See, e.g., Adriana Int'l Corp., 913 F.2d at 1412 (finding prejudice where the plaintiff repeatedly failed to appear at scheduled dispositions and refused to comply with court-ordered production of documents because these actions constituted an interference with the rightful decision of the case).

Although public policy favors disposition of cases on their merits and weighs against dismissal, Plaintiff has not attempted to excuse his failure to comply with the Court's October 14 Order. Without any indication to the contrary, the Court is compelled to find that Plaintiff's conduct is willful and in bad faith. Finally, the Court's imposition of less drastic sanctions in its October 14 Order was not effective. Plaintiff ignored the Court's directives and failed to appear for his continued deposition or pay the discovery sanction.

After consideration of the relevant factors, the Court FINDS and RECOMMENDS that the district court GRANT Defendants' request for terminating sanctions and dismiss this action.

**II. Monetary Sanctions**

Defendants also request attorneys' fees and costs associated with Plaintiff's continued deposition and the present Motion. ECF No. 43-1 at 10. In total, Defendants ask the Court to award sanctions in the amount of $11,422.03.[2] Id. at 11-12. Rule 37(b)(2)(C) provides that if a party fails to obey a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Here, the Court finds that an award of expenses against Plaintiff would be unjust. Before this case was removed to federal court, Plaintiff requested to proceed *in forma pauperis* in state court and submitted a declaration regarding his indigent status. See ECF No. 12-5. The Court finds that awarding $11,422.03 in expenses against a pro se Plaintiff proceeding *in forma pauperis* would be

---

[2] This total includes $9,504.53 in travel costs, court reporter fees, videographer costs, and attorney's fees related to Plaintiff's continued deposition and $1,917.50 in attorney's fees related to the present Motion. ECF No. 43-1 at 11-12.

unjust.  The Court FINDS and RECOMMENDS that the district court DENY Defendants' request for monetary sanctions.

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS as follows:

(1) The district court GRANT Defendants' request for terminating sanctions and dismiss this action.

(2) The district court DENY Defendants' request for monetary sanctions.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 29, 2014.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**WILLIAMSON V. STATE OF HAWAII, ET AL., CIVIL NO. 14-00001 HG-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS PARATRANSIT, INCORPORATED AND LINDA DEAVENS' MOTION FOR TERMINATING AND MONETARY SANCTIONS AGAINST PLAINTIFF CALVERT A. WILLIAMSON**